## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPH SOMERVILLE III** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **19-490 PJM** |
| | * | |
| **WEST TOWN BANK & TRUST**, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM OPINION

This is a putative class action concerning an alleged illegal kickback scheme under which Defendant West Town Bank & Trust purportedly accepted payments, primarily in the form of U.S. postage stamps, from All Star Title, Inc., a mortgage settlement services company, in exchange for referring mortgagors to All Star. Plaintiffs are borrowers who currently have or recently had a residential mortgage originated or brokered by West Town and settled by All Star. Plaintiffs assert that, as a result of the scheme, they were overcharged by All Star for settlement services. The complaint alleges violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607(a), the Sherman Act, 15 U.S.C. § 1, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962.

Earlier in this case, West Town filed a motion to dismiss all three counts, ECF No. 17, on which the Court held oral argument on October 28, 2019. The Court granted the motion to dismiss as to the Sherman Act claim (count II) but denied the motion as to both the RESPA claim (count I) and RICO claim (count III). *See* Mem. Op. (Nov. 9, 2019), ECF No. 18.

The matter is now before the Court on West Town's Motion for Partial Judgment on the Pleadings, ECF No. 55, to which Plaintiffs responded, ECF No. 63, and West Town subsequently

replied, ECF No. 64. There is also a pending motion for class certification, ECF No. 60, on which briefing has not yet concluded and on which a hearing is scheduled for February 4, 2021.

West Town argues that the Court should now issue final judgment on the pleadings as to the RICO claim (count III), citing two opinions from other judges of this District that were issued after this Court denied West Town's motion to dismiss on that claim. *See Kadow v. First Fed. Bank*, No. 19-566-PWG, 2020 WL 5230560 (D. Md. Sept. 2, 2020); *Donaldson v. Primary Residential Mortg., Inc.*, No. 19-1175-ELH, 2020 WL 3184089 (D. Md. June 12, 2020). West Town asserts that the allegations in those cases are "identical" to the allegations here and that the Court should thus now consider those decisions in support of dismissal of Plaintiffs' RICO claim in this case.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) seeks a remedy that is available and appropriate only in certain circumstances—namely, to "dispos[e] of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." 5C Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer, *Federal Practice and Procedure* § 1368 (3d ed.). *Cf. Palzer v. Cox Okla. Telcom, LLC*, No. 15-cv-564-GKF-JFJ, 2018 WL 3240961, at *2 (N.D. Okla. July 3, 2018) (collecting cases) (discussing the propriety of partial judgment on the pleadings under Rule 12(c)). Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996). Moreover, unlike a Rule 12(b)(6) motion, a Rule 12(c) motion "requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims

are ripe to be resolved at this very early stage in the litigation." *Murphy v. Dep't of the Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018).

A Rule 12(c) motion is not simply an opportunity for a defendant to advance arguments in support of dismissal that it failed to raise in an earlier motion to dismiss. Nor is it appropriate where decisions by other judges of this District subsequent to the Court's ruling arguably support arguments that the defense did not prevail on the first time around. Having been denied dismissal as to the RICO claim at the motion to dismiss stage, West Town asks for a second bite at the apple—i.e., out-of-time reconsideration of the Court's original decision. West Town's motion is not an occasion for the Court to revisit its decision on the motion to dismiss.

Insofar as it may be appropriate for Plaintiffs to amend the complaint, parties may discuss that matter at the hearing set for February 4, 2021.

Accordingly, the Motion for Partial Judgment on the Pleadings is **DENIED**. A separate order will issue.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**